464 F.2d 1282
 Mason WONG, Patricia Woolman through Morris Woolman her
Guardian Ad Litem, and on behalf of all others
similarly situated, Plaintiffs-Appellees,
v.
S. I. HAYAKAWA, Acting President of San Francisco State
College, individually and in his official capacity, and
Edwin C. Duerr, Coordinator of Internal Affairs, San
Francisco State College, in his official capacity,
Defendants-Appellants.
 No. 24456.
 United States Court of Appeals,
 Ninth Circuit.
 Aug. 9, 1972.
 
 Gerald F. Carreros, Deputy Atty. Gen. (argued), Elizabeth Palmer, Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen., San Francisco, Cal., for defendants-appellants.
 Michael S. Sorgen (argued), Ronald J. Mullin, Marvin S. Kayne, San Francisco, Cal., for plaintiffs-appellees.
 Before KOELSCH and HUFSTEDLER, Circuit Judges, and JAMESON,* District Judge.
 KOELSCH, Circuit Judge:
 
 
 1
 This is an appeal by the President and certain other officials of San Francisco State College, a state institution, from an order of the United States District Court, granting Mason Wong and Patricia Woolman (hereafter plaintiffs) a preliminary injunction.
 
 
 2
 Plaintiffs were students at San Francisco State College during the period in late 1968 and early 1969, when the campus was the scene of a series of violent rallies and lawless protests. During one such occasion, on January 13, 1969, plaintiffs were caught up in the police dragnet which swept the central campus and, together with numerous other persons, were arrested and formally charged with several criminal offenses: participating in an unlawful assembly, disturbing the peace and refusing to disperse. Shortly afterward, and while the criminal charges remained pending, the college commenced separate disciplinary proceedings against Wong, Woolman and many of the other alleged student participants. Following hearings, the Disciplinary Committee, concluding that plaintiffs had participated in the disturbance, recommenced that the college punish them. Thereupon, plaintiffs filed this suit, purportedly as a class action to enjoin defendants from acting upon any recommendation of the Committee "until plaintiffs and members of their class are given a fair due process hearing. . . ." Pending trial on the merits, plaintiffs asked for a preliminary injunction.
 
 
 3
 In substance, plaintiffs' claim, as set out in their complaint, is that the Disciplinary Committee misinterpreted and erroneously applied the state statute which permits punishment of students for academically-related misconduct; that the regulations of the college do not provide, and plaintiffs were not given, fair notice of a disciplinary proceeding; that the procedures were fundamentally unfair and that no proof was adduced which tended to support the Committee's decision and recommendation.
 
 
 4
 The application for the preliminary injunction was heard, as such matters generally are, on a record consisting of plaintiffs' verified complaint, together with supporting affidavits and defendants' counter-affidavits. Following that hearing the court ruled that the claim was not the subject of a class action and could not be prosecuted as such; in addition, the court rejected all of plaintiffs' due process contentions save one. Thus, the court, applying the well recognized test stated in the case of Scoggin v. Lincoln University, 291 F.Supp. 161 at 171 (D.C.W.D.Mo.1968), concluded that the notice given and procedure followed at the hearing were constitutionally adequate but that the Committee had acted without any proof, showing or tending to show, that plaintiffs had misbehaved; with respect to the latter issue, the court found that "there is no evidence that either of these students committed a disorderly act or for that matter even that he failed to disperse." The court's ensuing injunctive order, in effect, affirmatively directed the defendants to expunge from plaintiffs' school records all reference to disciplinary action, to reinstate them to good standing as students and not to take any disciplinary action against them "unless and until such action is based upon evidence that plaintiffs, or either of them, were engaged in activity or behavior which would sustain disciplinary sanctions." In short the order, although denominated a preliminary injunction, did not simply preserve the status quo ante litem but granted plaintiffs the full relief to which they might be entitled if successful at the trial. However, on this appeal, defendants do not question the scope of the order; nor do defendants contend that there is no substantial question to be tried or that plaintiffs will not suffer injury, irreparable in nature as a result of the disciplinary measures taken and to be taken against them; what defendants do contend is that the finding of the Disciplinary Committee upon which the recommendation was based is supported by substantial evidence and that, therefore, the district court abused its discretion in granting the injunction, because there can be no likelihood of plaintiffs' ultimate success on the merits. King v. Saddleback Junior College District, 425 F.2d 426 (9th Cir. 1970).
 
 
 5
 We cannot agree that on this record the preliminary injunction was improvidently granted. Plaintiffs, in their affidavits, asserted that the "sole evidence" introduced against them at their disciplinary hearings was a police report concerning the occurrence which occasioned their arrest. And if that should ultimately prove to be true, then what it discloses falls short of substantial proof of misconduct. The College Coordinator of Internal Affairs, in a measure at least, corroborated plaintiffs' assertion, for he in turn declared that the report constituted the School's "primary evidence." This report, which was attached to one of defendants' counter-affidavits as an exhibit, is a document 14 pages in length, purportedly made by a Lt. George Emil of the San Francisco Police Department. The first two pages consist of a general account of the incident of January 13, while the remaining 12 pages list the names of 454 persons who were arrested at the time. Among the names were those of the plaintiffs. Nowhere else in the report is there any mention made of plaintiffs, nor is there any statement as to their particular conduct. About all that the report reveals is that all of the 454 persons who were named in the list were arrested; it says: "at 12:40 p. m. units of this Department detailed to S.F. State College, under the command of Captains Nello Girolami and Donald Scott, effected the arrests of a large number of the participants and subjects were booked at City Prison for participating in an unlawful assembly, refusal to Disburse (sic) and Disturbing the Peace." The remaining affidavits likewise shed no light on any activity of either plaintiff; so far as relevant, they supply background material concerning the demonstration.
 
 
 6
 The order of the district court, granting plaintiffs a preliminary injunction, is affirmed.
 
 
 
 *
 Honorable W. J. Jameson, Senior United States District Judge, Billings, Montana, sitting by designation