Charles JACKSON, et al.,
Plaintiffs-Appellants,

v.

Samuel I. HAYAKAWA, etc., et al.,
Defendants-Appellees.

No. 84–1825.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 9, 1985.

Decided May 20, 1985.

526

Peter Pursley, San Francisco, Cal., for plaintiffs-appellants.

Matthew P. Boyle, San Francisco, Cal., for defendants-appellees.

Before GOODWIN and POOLE, Circuit Judges, and WILLIAMS,* District Judge.

PER CURIAM:

This litigation comes before us once again. It first came to this court as an appeal from a judgment entered by District Judge Zirpoli in 1969. The facts underlying the action have been discussed in several district court proceedings, and this court has rendered opinions in three instances on aspects related to the subject matter of this

---

appeal. *See, e.g., Wong v. Hayakawa,* 464 F.2d 1282 (9th Cir.1972), *cert. denied,* 409 U.S. 1130, 93 S.Ct. 938, 35 L.Ed.2d 263 (1973); *Jackson v. Hayakawa,* 605 F.2d 1121 (9th Cir.1979), *cert. denied,* 445 U.S. 952, 100 S.Ct. 1601, 63 L.Ed.2d 787 (1980) (*"Jackson I"*); *Jackson v. Hayakawa,* 682 F.2d 1344 (9th Cir.1982) (*"Jackson II"*).

Plaintiffs are students who attended a rally at San Francisco State College on January 23, 1969. The school subsequently took disciplinary action against them in the nature of reprimands, probations, and expulsions. In 1983, plaintiffs filed their fifth amended complaint alleging that defendants violated their federal and state constitutional rights. They sought prospective injunctive relief, declaratory relief, attorney's fees, and a ruling that defendants were guilty of contempt of court.

In an opinion filed March 12, 1984, Judge Schwarzer dismissed plaintiffs' complaint with prejudice. He reasoned that plaintiffs had failed to allege that they were disciplined solely on the basis of a police report. *Jackson v. Hayakawa,* No. C–72–0497 (WWS) (March 5, 1984). Plaintiffs appeal this ruling.

We believe it was error for the district court to dismiss the case on the pleadings. Therefore, we vacate the dismissal on the pleadings and remand the case for entry of an order in keeping with this court's opinion.

In his preliminary injunction order of April 24, 1969, Judge Zirpoli outlined three minimal due process requirements which defendants had to meet. First, they had to provide adequate notice in writing of the nature of the evidence upon which the disciplinary proceedings were to be based. Second, a student had to be given an opportunity for a hearing. Third, defendants could take no disciplinary action unless it was supported by substantial evidence. Judge Zirpoli then vacated and set aside the disciplinary action imposed upon plain-

---

\* Honorable David W. Williams, Senior United States District Judge, Central District of California, sitting by designation.

tiffs; ordered defendants to expunge the disciplinary findings from the students' records; enjoined defendants from taking any action against plaintiffs unless it was based upon evidence that plaintiffs were engaged in activity which would sustain disciplinary sanctions; and suggested that similar remedial action be taken regarding other students who had been disciplined solely on the basis of a police report.

No disciplinary action could be taken on grounds which were not supported by substantial evidence. Defendants presented no evidence to show that the students individually committed disorderly acts. Judge Zirpoli, and the later cases, cited the police report as an example of defendants' failure to produce substantial evidence needed to satisfy due process requirements. Therefore, the district court's dismissal of this action on the limited ground that plaintiffs did not plead that disciplinary actions took place based solely upon a police report was error, and we reverse.

For whatever reason the parties have kept this case alive, this court refuses to continue that trend. At oral argument, defendants expressed a willingness to completely sanitize all of their files of any material having anything to do with the discipline of plaintiffs regarding this action. Plaintiffs have said in open court that this (and an award of attorney's fees) would fully satisfy them. Accordingly, this court

1. vacates the dismissal of the action based upon the pleadings;

2. remands the case to the district court for the entry of an order requiring defendants to completely destroy all disciplinary records as to these plaintiffs;

3. directs the district court to structure some means of monitoring the expungement so as to be certain that defendants have not "forgotten something";

4. determines that no trial should be necessary, but plaintiffs shall be deemed to have prevailed for the purpose of fixing attorney's fees, if any;

5. directs the trial judge to include an order fixing attorney's fees for any work he finds was necessarily done, including work on appeal; and

6. directs the trial court to then enter a final order of dismissal.

VACATED and REMANDED.