**DAVID NURSING HOME, Plaintiff,**

v.

**MICHIGAN DEPARTMENT OF SOCIAL SERVICES, Defendant.**

**Civ. No. 84–CV–0406–DT.**

United States District Court, E.D. Michigan, S.D.

Feb. 9, 1984.

---

Andrew R. Rothman, Southfield, Mich., for plaintiff.

Christopher D. Dobyns, Asst. Atty. Gen., Lansing, Mich.; for defendant.

## MEMORANDUM OPINION

CHURCHILL, District Judge.

On January 27, 1984, the defendant removed this action from the Wayne County Circuit Court. At the time of the removal, a Temporary Restraining Order was in effect, having been issued on the date of the filing of the complaint. Accordingly, 28 U.S.C. § 1450 and F.R.Civ.P. 65(b) operated to effect a ten-day temporary restraining order upon removal. *Granny Goose Foods v. Teamsters*, 415 U.S. 423, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974).

On February 3, 1984, the Court advised counsel that it would hear arguments on the plaintiff's motion to remand or for preliminary injunction on February 6, 1984, and that it would treat the latter motion as one for a ten-day extension of the temporary restraining order under F.R.Civ.P. 65(b). The Court then heard arguments and took the matter under advisement.

The complaint alleges that the defendant has terminated, effective December 15, 1983, the plaintiff's certification as a skilled nursing facility based upon its failure to obtain certification from the United States Department of Health and Human Services ("HHS") as a Medicare provider under Title XVIII of the Social Security Act of 1965, 42 U.S.C. § 1395 *et seq.* This action by the defendant effectively excludes the plaintiff from reimbursement from the state under the Medicaid program.

The gist of the plaintiff's claim is that the defendant's termination was improper under state law and not mandated by federal law. The plaintiff alleges that the Michigan statute (M.C.L.A. § 333.21718) does not require such concurrent certification and that, in any event, any termination based on the lack of such certification cannot be effected without a formal hearing and appeal. The plaintiff claims such rights afforded by the Michigan Administrative Procedures Act (M.C.L.A. § 24.201 *et seq.*) and the Michigan Administrative Code's rules governing Medicaid providers (1969 AC R 400.3401, *et seq.*). The plaintiff also alleges that the defendant's action is not mandated by federal law or regulation and that neither federal law nor regulation require current certification. See ¶¶ 22 and 36(B).

The alleged violations of federal law in the complaint are as follows:

a. Defendant's conduct is not pursuant to any rule or regulation governing the state Medicaid program, all of such rules and regulations being required to be included in the State's Medicaid plan and submitted to the Secretary of HHS (¶ 36(E)).

b. Defendant's failure to abide by federal and state law in deciding to terminate and its failure to afford plaintiff a hearing is a violation of the due process and taking clauses of the federal and Michigan constitutions (¶ 36(H)).

The allegations concerning the absence of federal mandate for the defendant's action is construed by the Court as made in anticipation of a defense and, consequently, is not an essential ingredient to the plaintiff's claim. *Louisville v. Nashville R.R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908).

Notwithstanding the fact that the majority of the plaintiff's claims are based expressly on the interpretation of state statutes and regulations, the federal due process and taking allegations of ¶ 36(H) present a claim arising under federal law. The Court concludes that the complaint alleges, at least in part, a claim arising under federal law. There is another impediment however to a conclusion by the Court that this case is within its original jurisdiction under 28 U.S.C. § 1441(a).

The Eleventh Amendment to the United States Constitution provides:

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by citizens or subjects of any Foreign State".

This Amendment has been construed to also prohibit suit against a state by her own citizen. *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890) *.

The complaint alleges that the defendant is charged with responsibility for administering the federal Medicaid program in Michigan. M.C.L.A. §§ 400.10 and 16.552. The Michigan Department of Social Services is an arm of the State's executive branch created pursuant to the State's Constitution. Const.1963, Art. 5., § 2, M.C.L.A. § 16.104(18) and M.C.L.A. § 16.550.

■ The plaintiff has already secured the state court's order that the defendant be restrained from terminating the plaintiff's provider agreement or Medicaid payments pursuant thereto. By virtue of the Eleventh Amendment, however, this Court lacks the power to continue such an order against the State of Michigan or to grant permanent injunctive relief.

Such injunctive relief is not within the exception of *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) or *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Those cases involved claims against state officers whose acts pursuant to unconstitutional statutes were deemed to be acts which the state was without power to authorize and thus outside the scope of the Amendment's immunity.

The only remaining issue in assessing federal jurisdiction over the plaintiff's claims involves the defendant's possible waiver of the immunity through participation in the Medicaid program and by removal of the action to this court.

■ Such a waiver will be found only if stated "by the most express language or by such overwhelming implication from the text as will leave no room for any other reasonable construction." *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). The waiver may not be lightly inferred. *Soni v. Board of Trustees of the University of Tennessee,* 513 F.2d 347 (6th Cir.1975) *cert denied,* 426 U.S. 919, 96 S.Ct. 2623, 49 L.Ed.2d 373 (1976). There is no indication of an express statutory waiver of the immunity, and par-

---

* An excellent discussion of the Eleventh Amendment's limitations upon federal court jurisdic-

tion is contained in Nowak, Rotunda & Young, *Constitutional Law,* pp. 52–61 (2d Ed.1983).

ticipation in the federal program is insufficient to rise to such a waiver. *Florida Dept. of Health v. Florida Nursing Home Association,* 450 U.S. 147, 101 S.Ct. 1032, 67 L.Ed.2d 132 (1981).

■ Moreover, the fact that the defendant removed the action to this court is not effective as a waiver.

The issue of sovereign immunity being jurisdictional in nature, consent in the form of answering a complaint will not bar inquiry into the authority to make such waiver. *Ford Motor Co. v. Department of Treasury of Indiana,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945).

In *Ford Motor Co.,* the Supreme Court considered the issue of Eleventh Amendment immunity which was first raised after the grant of certiorari. It found no authority upon which to conclude that the Indiana Attorney General's powers included the power to consent to suit and vacated the Court of Appeals decision on the merits of the state law claim on the basis of the immunity.

The Attorney General for the State of Michigan is charged with the duty to prosecute and defend "all suits relating to matters connected with" the departments of the governor, the secretary of state, the treasurer and the auditor general. M.C.L.A. § 14.29. The State Constitution vests the executive power in the governor and provides that each principal department, such as the Department of Social Services, shall be under the supervision of the governor unless otherwise provided. Const.1963, Art. 5, §§ 1 and 8. The Attorney General also has such powers as existed in his office at common law as the chief law enforcement officer of the state. Const. 1963, Schedule and Temporary Provisions, § 2, OAG, 1941–42, No. 20644, p. 309.

Nevertheless, the Michigan Supreme Court has held that the Attorney General is without authority to waive the defense of sovereign immunity on behalf of the state:

> "The authority to waive such defense is in the legislature and until there is legislative action authorizing an officer or

agent of the State to waive such defense, it may not be done by any officer or agent.

> ... If, as we hold, such defense can be waived only by legislative action, then it necessarily follows that the Attorney General, an officer of the State of Michigan, may not waive such defense. Moreover, the failure to plead the defense of sovereign immunity cannot create a cause of action where none existed before."

*McNair v. State Highway Department,* 305 Mich. 181 at 187, 9 N.W.2d 52 (1943).

This Court rejects as unpersuasive authority the case of *Gallagher v. Continental Ins. Co.,* 502 F.2d 827 (10th Cir.1974), which does not discuss issues of the Attorney General's authority to waive the immunity.

Finally, it appears that the United States Supreme Court has just recently announced that this Court is without authority to enjoin a state officer to comply with dictates of purely state law. *Pennhurst State School v. Halderman,* —— U.S. ——, 104 S.Ct. 900, 78 L.Ed.2d —— (1983). It is apparent that the issues raised in the complaint are largely matters of state concern. The same parties have apparently litigated related questions in the Ingham County Circuit Court previously, resulting in a Consent Judgment.

Because this Court lacks jurisdiction over the defendant by virtue of the Eleventh Amendment, an order will be entered remanding the matter to the Wayne County Circuit Court.