Gerald R. FERGUSON and Helen Ferguson, Husband and Wife, both individually and d/b/a Roveck Productions, Plaintiffs,

v.

GREATER POCATELLO CHAMBER OF COMMERCE, INC.; the Idaho State Journal, Inc.; and the Idaho State University, Defendants.

Civ. No. 84–4112.

United States District Court,
D. Idaho.

June 17, 1985.

Jeffrey E. Rolig, Hepworth, Nungester & Felton, Twin Falls, Idaho, for plaintiffs.

Chris L. Schmutz, Hawkes, Esplin & Burnham, Chartered, Pocatello, Idaho, for Greater Pocatello Chamber of Commerce, Inc.

Archie W. Service, Green, Service, Gasser & Kerl, Pocatello, Idaho, James L. Berlin, Robert L. Berlin, Eberle, Berlin, Kading, Turnbow & Gillespie, Chartered, Boise, Idaho, for The Idaho State Journal, Inc.

John P. Howard, Quane, Smith, Howard & Hull, Boise, Idaho, J. Kelley Wiltbank, University Counsel, Idaho State University, Pocatello, Idaho, for Idaho State University.

## MEMORANDUM DECISION

CALLISTER, Chief Judge.

Before the Court are plaintiffs' motion to amend complaint and defendant Idaho State University's motion to dismiss, or alternatively, for partial summary judgment. Counsel presented oral argument in the hearing held June 10, 1985, and the Court has reviewed the memoranda sub-

mitted by the parties and all other materials on file in this matter.

This is an antitrust action brought by Gerald and Helen Ferguson, husband and wife, individually and d/b/a Roveck Productions against the Pocatello Chamber of Commerce (Chamber), the Idaho State Journal (The Journal), and Idaho State University (ISU). Jurisdiction is based on 28 U.S.C. § 1337.

Plaintiffs allege in their complaint that they operate an unincorporated business known as Roveck Productions. Plaintiffs annually produce and operate a trade fair under the name of "Eastern Idaho Spring Fair." From the years 1980–1983, plaintiffs rented the ISU Minidome in the first week of April to house their fair; plaintiffs claim that the Minidome is the only facility suitable for the fair in Eastern Idaho.

During 1980–82, the Chamber of Commerce and the Journal also sponsored a trade fair in the spring of those years, this fair being similar in format to the plaintiffs' trade fair. Plaintiffs allege that in March of 1983, agents of the Journal and of the Chamber contacted ISU and demanded the exclusive right to sponsor a trade fair in the Minidome and also suggested that ISU change its policies to allow only one trade fair per year in the Minidome. As a result, plaintiffs allege that ISU changed its policy so that only one trade fair would be held per year from 1984–89. ISU then took bids and the plaintiffs were outbid by the Chamber and Journal. Plaintiffs allege that these defendants bid an unreasonably high amount so as to make it economically unfeasible for the plaintiffs to compete. Plaintiffs claim to be unable to produce a fair as a result of the foregoing monopolistic conduct by the defendants.

The first and second counts of plaintiffs' complaint allege federal antitrust violations under §§ 1 and 2 of the Sherman Antitrust Act. Plaintiffs allege that the defendants' conduct was monopolistic and in restraint of trade. Plaintiffs seek damages in the amount of $264,000.00—that amount to be trebled—and they also seek an injunction restraining the defendants from further conduct in restraint of trade.

Count three of plaintiffs' complaint alleges tortious interference with plaintiffs' prospective contractual relations with ISU and with plaintiffs' prospective business advantage derived from the fairs they produce. Count three also alleges a violation of Idaho Code § 48–104, part of Idaho's antitrust statute. Plaintiffs seek $264,000.00 actual damages and $250,000.00 in punitive damages.

*Motion to Amend Complaint*

Plaintiffs, in their amended complaint, seek to add to count three two new sections from Idaho's antitrust statute. The Court will grant the motion to amend in that defendants have not shown, and the Court does not see, any prejudice resulting from the amendment.

*Motion to Dismiss or for Partial Summary Judgment*

The Court turns next to defendant ISU's motion to dismiss, or in the alternative for partial summary judgment.[1] ISU's motion is based on the Eleventh Amendment which, ISU argues, immunizes it from suit.

There is little or no dispute over the legal rules governing the present motion. The Eleventh Amendment states:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects or any foreign state.

U.S. Const. amend. XI. The United States Supreme Court has long held that the Eleventh Amendment bars suits for money damages brought in federal court by a citizen against that citizen's own state. *See, e.g., Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974), and cases cited therein. Suits for

---

**1.** At the hearing, the Court stated that it would deem defendant Idaho State University's motion to apply to the amended complaint.

prospective (injunctive or declaratory) relief are not barred under the Eleventh Amendment. *Id.* at 664, 94 S.Ct. at 1356. A suit is considered to be one against the state—and thus barred—when the judgment would have to be paid from the State treasury, regardless of who is actually named as a defendant. *Id.* at 663, 94 S.Ct. at 1355. If an entity, such as ISU, is found to be merely the instrumentality of state government, it is immune under the Eleventh Amendment; if it is a politically autonomous unit, there is no immunity.

As mentioned, these rules are not in dispute. What the parties do dispute is the legal effect of the rules on the facts of this case. When an instrumentality of the State, such as a university, is sued and asserts the Eleventh Amendment as a defense, the courts have looked to various factors in determining whether immunity exists. The leading Ninth Circuit case on this subject is *Jackson v. Hayakawa,* 682 F.2d 1344 (9th Cir.1982). In that case the court made the following comments:

> The first question under the Eleventh Amendment is whether San Francisco State College was an arm of the state. This court has used a number of factors to determine whether a governmental entity is an arm of the state. *The most crucial question is whether the named defendant has such independent status that a judgment against the defendant would not impact the state treasury* .... Other factors include: performance by the entity of an essential governmental function, ability to sue or be sued, power to take property in its own name or in the name of the state, and corporate status of the entity.

*Id.* at 1349–50.

The court, in *Jackson,* also recognized that although the interpretation of the Eleventh Amendment is a matter of federal law, the courts must look to the way state law treats and characterizes the governmental entity. *Id.* at 1350. Each case involving the Eleventh Amendment necessarily involves analysis of all the factors unique to the particular defendant who is claiming the immunity. *Id.* The *Jackson* court found that the defendant, San Francisco State College, was protected from suit for money damages under the Eleventh Amendment.

■ As the *Jackson* court said, the most crucial question is whether the judgment against the defendant would impact on the State treasury. On this point, defendant ISU's four affidavits indicating an impact on the State treasury stand unopposed. Plaintiffs contend that Phillip Eastman, in his deposition, contradicted the statements he made in his affidavit, but the Court believes the deposition testimony is consistent with Eastman's statements in his affidavit. Eastman states in his deposition that a judgment would not *have* to come from appropriated funds from the legislature but that those funds are designated or available for satisfying such judgments. More importantly, Eastman's affidavit states that if non-appropriated funds were used to satisfy a judgment, appropriated funds would have to fill the void left by paying the judgment. This is an "impact" on the State treasury sufficient to bring ISU within the protection of the Eleventh Amendment.

■ The issue before the Court would be fairly cut-and-dried were it not for several Idaho statutes which raise the question of whether the State has waived its immunity as to ISU. Idaho Code § 33–3003 states as follows:

> *Body politic and corporate—board of trustees.*—The Idaho State University is hereby declare to be a body politic and corporate, with its own seal and having power to sue and be sued in its own name. The general supervision, government and control of the Idaho State University is vested in the State Board of Education, which shall act as the board of trustees of the Idaho State University.

Idaho Code § 33–3803 also states:

> *State educational institutions as body politic incorporate—powers of boards.*—Each of the following institutions is hereby constituted and confirmed a body politic and corporate and a sepa-

rate and independent legal entity and is hereby constituted and confirmed as a governmental instrumentality for the dissemination and knowledge of learning: ... Idaho State University.

These statutes raise some question as to whether there has been a waiver of immunity. The United States Supreme Court, however, has held that waivers of Eleventh Amendment immunity must be clear and unmistakeable. *Edelman, supra* 415 U.S. at 673, 94 S.Ct. at 1360; *see also Ronwin v. Shapiro,* 657 F.2d 1071, 1073 (9th Cir.1981). The federal courts have also held that a university's "sue and be sued" power can be interpreted as referring only to suits in state court and thus constitutes no waiver as to suits in federal court. *Ronwin, supra* at 1073; *Long v. Richardson,* 525 F.2d 74, 77 (6th Cir.1975).

The Court believes that in this particular factual setting defendant ISU is immune from suit for money damages and the Court will grant partial summary judgment on the plaintiffs' claims for such damages. Suit may proceed against ISU for injunctive relief only.

### ORDER

Before the Court are plaintiffs' motion to amend complaint and defendant Idaho State University's motion to dismiss, or alternatively, for partial summary judgment. Counsel presented oral argument in the hearing held June 10, 1985, and the Court has reviewed the memoranda submitted by the parties and all other materials on file in this matter. In accordance with the views expressed in the memorandum decision filed herewith,

IT IS HEREBY ORDERED that plaintiffs' motion to amend complaint be, and the same is hereby GRANTED.

IT IS FURTHER ORDERED that Idaho State University's motion for partial summary judgment on the question of immunity from suit for money damages is hereby GRANTED, and suit may proceed against defendant Idaho State University for injunctive relief only.