**Igor MAZUR, Plaintiff,**

v.

**Cheryl HYMAS, Eugene L. Miller, Nels Solberg, Janet S. Hay, J. Clint Hoopes, Robert L. Montgomery, Leno D. Seppi, and Jerry Evans as the State Board of Education; Galen O. Rowe, Dean of the College of Letters & Sciences at the University of Idaho; Henry Willmes, Chairman of the Department of Physics at the University of Idaho; Richard D. Gibb, President of the University of Idaho; and John Does 1–20, Defendants.**

**Civ. No. 87–3105.**

United States District Court, D. Idaho.

Feb. 12, 1988.

As Amended March 21, 1988.

Igor Mazur, pro se.

Richard L. Stubbs, Quane, Smith, Howard & Hull, Boise, Idaho, for defendants.

## MEMORANDUM OPINION AND ORDER OF REMAND

RYAN, District Judge.

Currently before this court is "Plaintiff's Petition for Denial of Removal of this Case to the US District Court." Plaintiff, a former physics lab technician at the University of Idaho, claims he was wrongfully fired from that position. Plaintiff filed suit in Latah County, in the Second Judicial District of Idaho. The Attorney General of the State of Idaho, acting through one of his deputies on behalf of defendants, removed this case to this court based on federal question jurisdiction. Plaintiff argues that jurisdiction over this case in this court is barred by the eleventh amendment. Defendants respond that eleventh amendment immunity does not apply to the defendants in this case.

Since defendants invoked the jurisdiction of this court by petitioning for removal, it might be argued that they have waived any eleventh amendment immunity they might have. A state can waive its eleventh amendment immunity by petitioning for removal when the petitioning officials have the authority to waive immunity. *Maine Ass'n of Interdependent Neighborhoods v. Petit,* 659 F.Supp. 1309, 1315–16 (D.Me.1987). On the other hand, a petition for removal does not waive eleventh amendment immunity when the petitioning parties are without such authority. *Silver v. Baggiano,* 804 F.2d 1211, 1214–15 (11th Cir.1986); *David Nursing Home v. Michigan Department of Social Services,* 579 F.Supp. 285, 288 (E.D.Mich.1984).

Under Idaho law, the Attorney General has the duty to represent the State and state officials in federal courts. Idaho Code § 67–1401(1) (1980 & Supp.1987). The authority granted the Attorney General by Idaho Code § 67–1401(1) is exclusive. *See State v. Ott,* 100 Idaho 795, 605 P.2d 973 (1980) (dealing with Attorney General's duty to represent the State before Idaho Supreme Court). Thus, the only official who could waive the State's immunity in a particular suit is the Attorney General. However, the Idaho Supreme Court has

held that even the Attorney General has no authority to waive the State's sovereign immunity. *Howard v. Cook*, 59 Idaho 391, 397–98, 83 P.2d 208, 211 (1938). In *Howard*, the State was a defendant and counterclaimant. The Idaho Supreme Court stated that the Attorney General, by bringing a counterclaim, could waive the State's immunity, but only to the extent of giving the court jurisdiction to decide the State's counterclaim. The Attorney General could not waive sovereign immunity to allow plaintiffs to obtain affirmative relief against the State. *Id.* Since the Attorney General is powerless to waive Idaho's common law sovereign immunity in state court, *a fortiori* he is powerless to waive Idaho's eleventh amendment immunity.

■ Defendant's eleventh amendment immunity can also be waived by statutes and judicial decisions of the State of Idaho. The State Board of Education acting as the Board of Regents for the University of Idaho has the power to sue and be sued. *Phoenix Lumber Co. v. Regents of the University of Idaho*, 197 F. 425, 429 (D.Idaho 1908); Idaho Code §§ 33–3803, –3804(b) (1981). Early cases held that the power of the University of Idaho to sue and be sued constituted a waiver of eleventh amendment immunity. *Interstate Const. Co. v. Regents of the University of Idaho*, 199 F. 509, 512 (D.Idaho 1912); *Phoenix Lumber Co. v. Regents of the University of Idaho*, 197 F. at 429. However, a more recent case from this district has held, with regard to Idaho State University, that the eleventh amendment immunity of the university was not waived by statutes granting it the power to sue or be sued. *Ferguson v. Greater Pocatello Chamber of Commerce, Inc.*, 647 F.Supp. 190, 192–93 (D.Idaho 1985). The *Ferguson* decision was based on recent authority from the United States Supreme Court and the Court of Appeals of the Ninth Circuit holding that a state can waive its immunity

in state court without waiving eleventh amendment immunity. *Ferguson*'s holding as to the power to sue or be sued represents the current trend to expand eleventh amendment immunity. *Milbouer v. Keppler*, 644 F.Supp. 201, 207 (D.Idaho 1986). The power of the University of Idaho to sue or be sued is not a waiver of its eleventh amendment immunity, and any holding to the contrary in *Phoenix Lumber Co.* and *Interstate Construction Co.* is hereby overruled.

■ The Idaho Legislature has also broadly waived Idaho's common law sovereign immunity by passing the Idaho Tort Claims Act, Idaho Code § 6–901, *et seq.*, (1979 & Supp.1987). However, the Tort Claims Act specifically provides that immunities under federal law shall remain in effect. Idaho Code § 6–903(f) (1979 & Supp.1987). Thus, the Tort Claims Act is not a waiver of eleventh amendment immunity. *Milbouer v. Keppler*, 644 F.Supp. at 207.[1]

Clearly, any immunity defendants may have under the eleventh amendment has not been waived. Thus, the issue is whether the eleventh amendment applies to these defendants. The eleventh amendment bars suits against a state by citizens of other states. It has been construed to apply to suits by citizens against their own states, where the issue seems to arise most often. Since the plaintiff in this case is a citizen of Washington, this court is faced with the unusual situation where the eleventh amendment may bar suit by its express terms.

■ Defendants argue that there is no suit against a state here, since all of the named defendants are individuals. Plaintiff counters by pointing out that the individuals named are various officials of agencies of the State of Idaho. The existence of eleventh amendment immunity does not depend on the naming of the defendants in

---

1. Defendants refer to the *Milbouer* case for the proposition that the eleventh amendment does not apply to the University of Idaho. Defendants cite a one-page order issued by this court early in the case denying a motion to dismiss for lack of subject matter jurisdiction. However, on that motion neither party briefed the eleventh amendment issue and the court did not discuss it. Also, defendants' reliance on the unpublished order in *Milbouer* is questionable at best given the later published opinion in that case.

the caption of the suit. *Ferguson v. Greater Pocatello Chamber of Commerce, Inc.,* 647 F.Supp. at 192. Rather, regardless of who the named defendants are, whether a suit is one against the State depends on whether the judgment would be satisfied from state funds. *Id.; Milbouer v. Keppler,* 644 F.Supp. at 206–07 at 192.[2]

▬ In *Ferguson* and *Milbouer,* the record contained statements from various defendants that any judgment against those defendants would have an impact on the state budget. *Milbouer v. Keppler,* 644 F.Supp. at 207; *Ferguson v. Greater Pocatello Chamber of Commerce, Inc.,* 647 F.Supp. at 192. No such evidence is in the record in the case at bar. This is understandable since the persons with knowledge of the pertinent facts—the defendants—are arguing that they are not immune. However, this court can and will take judicial notice of the fact that a substantial portion of the University of Idaho's funding comes from appropriations by the State Legislature. *See* Fed.R.Evid. 201(b). Thus, any judgment against the defendants would most likely be satisfied from funds appropriated by the State. *Milbouer v. Keppler,* 644 F.Supp. at 207. However, even if the judgment were not paid directly from state funds, state appropriated monies would have to be used to make up for any shortfall caused by paying the judgment from other sources. *Id.; Ferguson v. Greater Pocatello Chamber of Commerce, Inc.,* 647 F.Supp. at 192. Like *Milbouer,* the defendants named in this case are individuals, but they are named in their official capacities, and plaintiff's suit attacks a state and university policy as to financial exigencies. *Milbouer v. Keppler,* 644 F.Supp. at 207. Thus, the case at bar is a suit against a state within the meaning of the eleventh amendment.

One of the early cases from this district discussed above noted that the Board of Regents of the University of Idaho was, under state statute, a body corporate, and thus in some way a separate entity from the State itself. As such, a suit against the Board would not be a suit against the State. *Phoenix Lumber Co. v. Regents of the University of Idaho,* 197 F. at 428–29. This case would seem to support defendants' argument that this suit against various university officials is not a suit against the State. However, as shown by the preceding discussion, the formalistic view followed by the court in *Phoenix Lumber Co.* has now been abandoned in favor of a practical analysis of the eleventh amendment. *Phoenix Lumber Co.* is hereby overruled to the extent that it holds that a suit against the Regents of the University of Idaho is not a suit against the State under the eleventh amendment.

Exceptions to eleventh amendment immunity have been carved out for certain types of claims. Thus, it is necessary to briefly analyze the theories under which plaintiff sues.

Plaintiff states that his suit is primarily a suit for breach of an oral contract under state law. The United States Supreme Court has held that the eleventh amendment bars any claim against a state based on state law. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 106, 104 S.Ct. 900, 911, 79 L.Ed.2d 67 (1984). Thus, even if this court has jurisdiction over federal law claims in this case, this court is without jurisdiction to the extent that plaintiff's suit is based on state law.

▬ Plaintiff's complaint also states that defendants are liable under 42 U.S.C. § 1983. Claims for damages against states under 42 U.S.C. § 1983 are barred by the eleventh amendment. *Doe v. Maher,* 793 F.2d 1470, 1494 (9th Cir.1986). In addition to seeking damages, plaintiff's complaint seeks injunctive relief, asking that plaintiff be reinstated. Generally, suits for prospective injunctive relief are not barred by the eleventh amendment. *Ferguson v. Greater Pocatello Chamber of Commerce, Inc.,* 647 F.Supp. at 191–92. Formally speaking, a claim for reinstatement is injunctive in nature. However, as with the naming of

---

**2.** It is remarkable that plaintiff, who is pro se, demonstrates such an understanding of the subtleties of eleventh amendment immunity, which has justifiably been called one of the most arcane subjects in American law.

defendants in the caption of the suit, eleventh amendment analysis is concerned not with formalism, but the practical impact of a decision. If plaintiff were reinstated, he would have to be paid a salary. This salary would come directly out of funds appropriated by the State, or at least would have an impact on the State treasury in the same way that payment of damages would. Thus, though plaintiff's reinstatement claim is couched in terms of injunctive relief, in practical effect it is a suit for damages which is barred by the eleventh amendment. *Milbouer v. Keppler*, 644 F.Supp. at 208.

 Finally, defendants argue that the eleventh amendment is not a bar because federal question jurisdiction exists. However, the mere fact that there is a basis for federal jurisdiction does not override the eleventh amendment immunity. *Id.;* 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure:* Jurisdiction 2d § 3524 at 122–23 (1984).

Also currently before the court is a Motion to Dismiss brought by defendants. Because of the foregoing discussion, this Motion to Dismiss is rendered moot.

Based upon the foregoing, and the court being fully advised in the premises,

IT IS HEREBY ORDERED that this case should be, and is hereby, REMANDED to the District Court of the Second Judicial District of the State of Idaho, in and for the County of Latah, pursuant to 28 U.S.C. § 1447(c). The clerk of this court shall do all things necessary to effectuate this order.