682 F.2d 1344
 5 Ed. Law Rep. 747
 Charles JACKSON, et al., Plaintiffs,
and
Lonnie Daniels, Anthony Greene and Jean Simmons, Plaintiffs-Appellants,
v.
Samuel I. HAYAKAWA, former Acting President and former
President of San Francisco State College, et al.,
Defendants-Appellees.
 No. 81-4212.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 16, 1982.
Decided Aug. 3, 1982.
 
 Peter Pursley, San Francisco, Cal., for plaintiffs-appellants.
 Matthew Boyle, Deputy Atty. Gen., San Francisco, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before GOODWIN and POOLE, Circuit Judges, and WILLIAMS,* District judge.
 GOODWIN, Circuit Judge.
 
 
 1
 Plaintiffs appeal a judgment dismissing their civil rights action against individual past and present members of the Board of Trustees of San Francisco State College (now called the California State University at San Francisco).
 
 
 2
 The issues are: (1) whether this court's decision in Jackson v. Hayakawa, 605 F.2d 1121 (9th Cir. 1979), cert. denied 445 U.S. 952, 100 S.Ct. 1601, 63 L.Ed.2d 787 (1980), prevents the district court from dismissing this action; (2) whether defective service of process was fatal to the claims against certain defendants; and (3) the extent to which defendants San Francisco State College, the Board of Trustees, and trustees in their official capacity are protected from liability by the Eleventh Amendment.
 
 
 3
 The original complaint was filed in 1972, and the action has not yet come to trial. Four amended complaints have been filed. This is the second appeal to this court.
 
 
 4
 The facts underlying this litigation are presented in Jackson v. Hayakawa, 605 F.2d at 1123-24. In 1968, the Black Students' Union initiated a student-faculty strike. On January 23, 1969, a rally was held on campus in defiance of a ban announced by the then President of San Francisco State College, S. I. Hayakawa. The police arrested four hundred persons.
 
 
 5
 A number of actions were filed seeking damages for the arrests and subsequent disciplinary proceedings. In Wong v. Hayakawa, 464 F.2d 1282 (9th Cir. 1972), cert. denied, 409 U.S. 1130, 93 S.Ct. 938, 35 L.Ed.2d 263 (1973), the court found generally that the disciplinary procedures did not violate due process. Due process was violated where decisions to discipline were based entirely on "a police report that did not show any evidence of misconduct on the part of the plaintiffs." Jackson v. Hayakawa, 605 F.2d at 1124.
 
 
 6
 Plaintiffs first filed a class action on March 21, 1972. The third amended complaint filed in 1975 contained five claims: (1) unlawful discriminatory funding of black organizations at the college; (2) unlawful arrests; (3) unlawful blacklisting; (4) unlawful disciplinary proceedings, and (5) unlawful interference in student elections.
 
 
 7
 In 1977, the district court granted summary judgment for defendants on all five claims. On appeal this court affirmed the summary judgment on the claims for unlawful arrests, unlawful blacklisting, and discriminatory funding. In Jackson v. Hayakawa, 605 F.2d at 1129, we reversed the summary judgment on the claim based upon unlawful disciplinary proceedings. We held that plaintiffs could rely on the limited due process holding of Wong v. Hayakawa, 605 F.2d at 1129. (The claim of unlawful interference in student elections was abandoned on appeal.)
 
 
 8
 On remand, the district court again dismissed the action on the remaining claim. The district court relied upon Eleventh Amendment immunity, defective service of process against certain defendants in their individual capacities, expiration of the statute of limitations against certain defendants, and failure to state a claim either under 42 U.S.C. § 1981 or 42 U.S.C. § 1985. Plaintiffs appeal this judgment.
 
 A. Res Judicata
 
 9
 Plaintiffs claim that the district court failed to apply this court's decision in Jackson v. Hayakawa, 605 F.2d 1121, when the court dismissed this action a second time. In Jackson this court did not address the issue of Eleventh Amendment immunity or defective service of process because these points had not been raised in defendants' earlier motion for summary judgment.
 
 
 10
 If a claim remains against any defendant, then plaintiffs can rely on the limited due process holding of Wong v. Hayakawa. The discussion of "good faith immunity" in Jackson v. Hayakawa, 605 F.2d at 1129, n.11, does not indicate that this court resolved the Eleventh Amendment immunity issue raised here. Plaintiffs confuse Eleventh Amendment immunity with "good faith" governmental immunity accorded certain defendants in § 1983 actions.
 
 B. Defective Service of Process
 
 11
 Defendants moved to dismiss S. I. Hayakawa, Ronald Reagan, Glenn Dumke, Frank Dollard and Edward Duerr on grounds that plaintiffs did not properly serve them as individuals under Fed.R.Civ.P. 4, or that if they were served, service was in their official capacities only. The district court dismissed Ronald Reagan and Glenn Dumke both in their individual and official capacities. The district court also found that Hayakawa, Dollard and Duerr were before the court only in their official capacities. The Board of Trustees as an entity was also subject to the jurisdiction of the court.
 
 
 12
 Defendants must be served in accordance with Rule 4(d) of the Federal Rules of Civil Procedure[1], or there is no personal jurisdiction. Beecher v. Wallace, 381 F.2d 372 (9th Cir. 1967). Rule 4(a) provides that defendants must be personally served or served in compliance with alternatives listed in 4(d) (6) or 4(d)(7). Neither actual notice, Martin v. N. Y. State Dept. of Mental Hygiene, 588 F.2d 371, 373 (2nd Cir. 1978), nor simply naming the person in the caption of the complaint, Gozdanovic v. Civil Serv. Com'n for City of Pittsburgh, PA, 361 F.Supp. 504, 507 (W.D.Pa.1973), will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4. Serving an entity such as the Board of Trustees or the college will not automatically confer personal jurisdiction over individual defendants in any capacity.
 
 
 13
 Defendants can waive the defect of lack of personal jurisdiction by appearing generally without first challenging the defect in a preliminary motion, Hays v. United Fireworks Mfg. Co., 420 F.2d 836, 844 (9th Cir. 1969), or in a responsive pleading, Sellers v. McCrane, 55 F.R.D. 466 (E.D.Pa.1972). Jurisdiction attaches if a defendant makes a voluntary general appearance, as by filing an answer through an attorney, Amen v. Dearborn, 532 F.2d 554, 558, n.7 (6th Cir. 1976); Martin v. N. Y. State Dept. of Mental Hygiene, 588 F.2d at 373.
 
 
 14
 Plaintiffs claim jurisdiction over defendants Hayakawa, Dumke, Reagan, Duerr and Dollard, and the trustees both in their individual and official capacities because these defendants were either properly served or, if not properly served, they waived any defect in service or personal jurisdiction by appearing generally and by not raising these defenses in earlier proceedings.
 
 1. S. I. Hayakawa
 
 15
 The district court found that Hayakawa was before the court only in his official capacity. The district court found that he was never served in his individual capacity and did not waive the lack of personal service in his individual capacity. There are three related questions here: (a) was service of process defective; (b) was he served in his official capacity or both his official and individual capacity; and (c) did he waive service of process in his individual capacity?
 
 
 16
 (a) Hayakawa was served on March 27, 1972. The district court said that even though this service was defective, Hayakawa waived the defect by failing to raise it before the filing of a responsive pleading. In fact, as plaintiffs indicate, service of process may not have been defective. Rule 4(d)(7) allows service in accordance with the law of the state in which the district court is located. Cal.Code Civ.P. § 415.20[2] permits personal service by serving a person apparently in charge of a defendant's office during usual office hours. Someone in charge of Hayakawa's office apparently was served.
 
 
 17
 The district court found that Hayakawa did not waive his defense to personal jurisdiction in his individual capacity. It is not clear from the multiple complaints in this case when, if ever, Hayakawa or others were sued in their individual capacities. The original complaint, the first amended complaint and the second amended complaint appear to sue the defendants only in their official capacities.
 
 
 18
 The third amended complaint and the fourth amended complaint state in their captions that individual defendants were sued in both their official and personal capacities. These papers, however, were filed long after service had been made. New service would be necessary in order to satisfy the due process requirement of notice if there was to be a change in the status of defendants. See Harkless v. Sweeny Ind. Sch. Dist. of Sweeny, Tex., 554 F.2d 1353, 1360 (5th Cir.), cert. denied, 434 U.S. 966, 98 S.Ct. 507, 54 L.Ed.2d 452 (1977).
 
 
 19
 The strictures of the Eleventh Amendment make it important that the court determine whether individual defendants are being sued in their individual or official capacities or both. Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), permits certain kinds of actions against state officials in their individual capacities while recognizing that the Constitution prohibits actions against the state as such. This fiction is necessary to enforce federal constitutional law. Great Western United Corp. v. Kidwell, 577 F.2d 1256, 1265 (5th Cir. 1978). L. Tribe, American Constitutional Law 146 (1978).
 
 
 20
 Hayakawa did not appear in person in any proceeding and did not authorize a personal lawyer to represent him in his individual capacity. In response to the fourth amended complaint the attorney general filed a special appearance challenging as defective the service of process against Hayakawa and asserting the lack of personal jurisdiction over him in his individual capacity. Assuming that the attorney general could file this motion after the fourth amended complaint, then the attorney general could have filed this same motion against the third amended complaint in 1977. Instead, however, the attorney general filed a motion for summary judgment against the third amended complaint. This motion constituted a general appearance. It did not, however confer personal jurisdiction over Hayakawa. The caption of the third amended complaint was not sufficient to confer jurisdiction over Hayakawa in his individual capacity because it was never served on him and he had no notice that his perceived role was being changed. 5 Wright & Miller, Federal Practice and Procedure, § 1391 at p. 853-854 (the waiver doctrine is not applicable if the complaint does not give a defendant sufficient notice of the type of claim brought against him). Plaintiffs have jurisdiction over Hayakawa only in his official capacity.
 
 2. Frank Dollard and Edward Duerr
 
 21
 Frank Dollard was executive vice president and Edward Duerr was coordinator of San Francisco State College. The district court found that Dollard and Duerr had waived defective service, but were before the court only in their official capacities. Unlike Hayakawa, Dollard and Duerr were never personally served. Plaintiffs served the Board of Trustees by serving the appropriate officer. Dollard and Duerr were then trustees. The attorney general brought them in, as trustees, by filing an appearance. The district court correctly refused to allow appellants to amend their complaint to include Dollard and Duerr in their individual capacities because the statute of limitations had run.[3] There was no error in limiting the action against Dollard and Duerr to their official capacity as trustees.
 
 3. Ronald Reagan
 
 22
 The district court dismissed Ronald Reagan as a defendant because plaintiffs had been granted leave to amend in July 1972 but did not rename him as a defendant until 1980. The district court had earlier dismissed Reagan as a defendant because plaintiffs had alleged against him no personal involvement in the alleged misconduct. Because Reagan was not named until eight years after this dismissal and was not again served[4] during this period, the district court's dismissal is affirmed. Plaintiffs argue that Reagan was, as governor, an ex-officio member of the Board of Trustees at the time this action was filed. As indicated earlier, each trustee must be individually served to subject him or her to the jurisdiction of the court. Unlike Dollard or Duerr, Reagan was not mentioned in any of the amended complaints until the fourth amended complaint in 1980. He was not before the court in his official or his individual capacity.
 
 4. Glenn Dumke
 
 23
 The district court dismissed Glenn Dumke, the former Chancellor of the California State Colleges and member of the Board of Trustees, as a defendant in both his individual and official capacities because he was not named in the complaint until the fourth amended complaint in 1980. (He was never served.) The statute of limitations had run and it was too late to serve Dumke. For reasons similar to those given for dismissing Reagan as a defendant, the district court's dismissal of Dumke as a defendant is affirmed.
 
 C. Eleventh Amendment
 
 24
 The district court found that California State University, San Francisco (formerly San Francisco State) was an arm of the state and therefore not a person subject to suit under 42 U.S.C. § 1983. Under the Eleventh Amendment, states are immune from private damage actions in federal court. The district court also found that college officials and trustees in their official capacities are not subject to liability under 42 U.S.C. § 1983. Because the court earlier found that the state defendants were before the court only in their official capacities, plaintiffs' claim under § 1983 had to be dismissed.
 
 
 25
 The first question under the Eleventh Amendment is whether San Francisco State College was an arm of the state. This court has used a number of factors to determine whether a governmental entity is an arm of the state. The most "crucial question ... is whether the named defendant has such independent status that a judgment against the defendant would not impact the state treasury." Ronwin v. Shapiro, 657 F.2d 1071, 1073 (9th Cir. 1981), citing, Edelman v. Jordan, 415 U.S. 651, 664, 94 S.Ct. 1347, 1356, 39 L.Ed.2d 662 (1974). Accord: Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1349 (9th Cir. 1981). Other factors include:
 
 
 26
 ... "performance by the entity of an essential government function, ability to sue or be sued, power to take property in its own name or in the name of the State, and corporate status of the entity." Hutchison v. Lake Oswego School District No. 7, 519 F.2d 961, 966 (9th Cir. 1975), vacated on other grounds, 429 U.S. 1033, 97 S.Ct. 725, 90 L.Ed.2d 744 (1977).
 
 
 27
 To determine these factors, the court will look at the way state law treats the governmental entity. Rutledge v. Arizona Board of Regents, 660 F.2d at 1349. The district court was correct in characterizing the California State College and the university system of which California State University at San Francisco is a part as dependent instrumentalities of the state. Although this court has not ruled upon the Eleventh Amendment status of the California State College and university system, the University of California and the Board of Regents are considered to be instrumentalities of the state for purposes of the Eleventh Amendment. Hamilton v. Regents, 293 U.S. 245, 257, 55 S.Ct. 197, 201, 79 L.Ed. 343 (1934); Whitner v. Davis, 410 F.2d 24 (9th Cir. 1969) (the University and the Board of Regents are not "persons" within the meaning of 42 U.S.C. § 1983); In re Holoholo, 512 F.Supp. 889, 895 (D.Haw.1981); Vaughn v. Regents of University of California, 504 F.Supp. 1349, 1351-54 (E.D.Cal.1981).
 
 
 28
 As California cases indicate, California State Colleges and Universities have even less autonomy than the University of California. Slivkoff v. Cal. State University and Colleges, 69 Cal.App.3d 394, 400, 137 Cal.Rptr. 920, 924 (2d Dist. 1977):
 
 
 29
 "Unlike the University of California, the California State University and Colleges are subject to full legislative control... No such autonomy is accorded by the Constitution to the State University and Colleges. They have only such autonomy as the Legislature has seen fit to bestow."
 
 
 30
 Similarly in Poschman v. Dumke, 31 Cal.App.3d 932, 942, 107 Cal.Rptr. 596, 603 (1st Dist. 1973):
 
 
 31
 "The public schools of this state are a matter of statewide rather than local or municipal concern. (Town of Atherton v. Superior Court (1958) 159 Cal.App.2d 417, 421, 324 P.2d 328.) The Trustees of California State Colleges are a state agency created by the Legislature and its actions are subject to and must comply with the State Administrative Procedure Act (Gov.Code, §§ 11370-11440; cf. 10 Ops.Cal.Atty.Gen. 243, 246, holding State Board of Education (the then governing body of state colleges) subject to the Administrative Procedures Act)."
 
 
 32
 The law governing actions against state officials is more complex. The district court treated this case solely as an action for damages. The court correctly noted that Eleventh Amendment immunity extends to actions against state officers sued in their official capacities because such actions are, in essence, actions against the governmental entity of which the officer is an agent. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690, n.55, 98 S.Ct. 2018, 2035, n.55, 56 L.Ed.2d 611 (1978); Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).
 
 
 33
 It has been clear since Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), that the Eleventh Amendment does not bar actions against state officers in their official capacities if the plaintiffs seek only a declaratory judgment or injunctive relief. Spicer v. Hilton, 618 F.2d 232, 236 (3rd Cir. 1980). See also Great Western United Corp. v. Kidwell, 577 F.2d at 1265. In Spicer v. Hilton, 618 F.2d at 236 the court stated:"Suits for injunctive relief stand on an entirely different footing. In an unbroken line of authority extending back over 70 years, prospective equitable relief has been issued where state officials were the nominal defendants although in fact the states were the real parties in interest. Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); accord, Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); Vecchione v. Wohlgemuth, 558 F.2d 150, 156 (3d Cir.), cert. denied, Beal v. Vecchione, 434 U.S. 943, 98 S.Ct. 439, 54 L.Ed.2d 304 (1977) ('We recognize that for eleventh amendment purposes the Ex parte Young type suit is a legal fiction, and that as a practical matter the ... injunction (does) bind the Commonwealth.'); Rochester v. White, 503 F.2d 263 (3d Cir. 1974); Savage v. Pennsylvania, 475 F.Supp. 524 (E.D.Pa.1979)."
 
 
 34
 Edelman v. Jordan, 415 U.S. 651, 664, 94 S.Ct. 1347, 1356, 39 L.Ed.2d 662 (1974), simply clarified the distinction between prospective and retroactive monetary relief. In Hutto v. Finney, 437 U.S. 678, 690, 98 S.Ct. 2565, 2573, 57 L.Ed.2d 522 (1978), the Supreme Court stated:
 
 
 35
 "In the landmark decision in Ex parte Young, 209 U.S. 123 (28 S.Ct. 441, 52 L.Ed. 714,) the Court held that, although prohibited from giving orders directly to a State, federal courts could enjoin state officials in their official capacities. And in Edelman v. Jordan, 415 U.S. 651 (94 S.Ct. 1347, 39 L.Ed.2d 662), when the Court held that the Amendment grants the States an immunity from retroactive monetary relief, it reaffirmed the principle that state officers are not immune from prospective injunctive relief. Aware that the difference between retroactive and prospective relief 'will not in many instances be that between day and night,' id., at 667 (94 S.Ct. at 1357), the Court emphasized in Edelman that the distinction did not immunize the States from their obligation to obey costly federal-court orders. The cost of compliance is 'ancillary' to the prospective order enforcing federal law. Id., at 668 (94 S.Ct. at 1358). The line between retroactive and prospective relief cannot be so rigid that it defeats the effective enforcement of prospective relief."
 
 
 36
 Accord: Quern v. Jordan, 440 U.S. 332, 337, 99 S.Ct. 1139, 1143, 39 L.Ed.2d 358 (1979).
 
 
 37
 Plaintiffs prayed for injunctive and declaratory relief. Accordingly, the district court erred in dismissing defendants Hayakawa, Dollard and Duerr in their official capacity.[5] They, or their successors in office, may still be subject to a claim under § 1983 for injunctive relief.
 
 CONCLUSION
 
 38
 Hayakawa, Dollard and Duerr should not have been dismissed as defendants in their official capacities. The Eleventh Amendment does not bar actions for injunctive or declaratory relief against state officials sued under 42 U.S.C. § 1983. The judgment of dismissal is reversed as to defendants Hayakawa, Dollard and Duerr in their official capacities and affirmed as to defendants Reagan, Dumke, the Board of Trustees, and San Francisco State College. On remand, the district court will permit substitution of the official parties as may be necessary, and will apply the principle of res judicata as stated in Jackson v. Hayakawa, 605 F.2d 1121 (9th Cir. 1979), on the issues of injunctive and declaratory relief. Any attorney fees should be limited by the value of the relief actually granted, if any.[6]
 
 
 39
 Vacated and remanded.
 
 
 
 *
 The Honorable David W. Williams, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 [1]
 Fed.R.Civ.P. 4(d) provides in pertinent part:
 (d) Summons: Personal Service. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:
 (1) Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.
 (6) Upon a state or municipal corporation or other governmental organization thereof subject to suit, by delivering a copy of the summons and of the complaint to the chief executive officer thereof or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.
 (7) Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the district court is held for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state.
 
 
 [2]
 Cal.Code Civ.P. § 415.20(a) provides in pertinent part:
 "(a) In lieu of personal delivery of a copy of the summons and of the complaint to the person to be served as specified in Section 416.10, 416.20, 416.30, 416.40, or 416.50, a summons may be served by leaving a copy of the summons and of the complaint during usual office hours in his office with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served at the place where a copy of the summons and of the complaint were left."
 
 
 [3]
 Under 42 U.S.C. § 1983, state statutes of limitation apply. Chung v. Pomona Valley Community Hospital, 667 F.2d 788, 791 (9th Cir. 1982). In California, the applicable statute of limitations is Cal.Code Civ.Proc. § 338(1) which provides a three-year limitation period. Briley v. State of Cal., 564 F.2d 849, 854 (9th Cir. 1977). Plaintiffs cannot amend the complaint and serve Dollard and Duerr in their individual capacities because the three-year period has passed
 
 
 [4]
 Reagan was served prior to the dismissal in 1972
 
 
 [5]
 Plaintiffs argue that respondents waived any immunity under the Eleventh Amendment by failing to raise this defense earlier. The Eleventh Amendment defense is a jurisdictional bar and the court may bring it up on its own motion. Edelman v. Jordan, 415 U.S. 651, 677-78, 94 S.Ct. 1347, 1362-63, 39 L.Ed.2d 662 (1974)
 
 
 [6]
 Most of the attorney time spent on this case so far has been unnecessary or counterproductive