77 F.3d 489
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lourene M. LAUFMAN, Plaintiff-Appellant,
v.
William MAYER; River Park Care Center; County of
Sacramento; Board of Regents of University of
California; Sutter Oaks Alzheimer
Center, et al. Defendants-Appellees.
 No. 94-55492.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1996.*
Decided Feb. 13, 1996.
 
 Before: POOLE, WIGGINS and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lourene M. Laufman appeals pro se the district court's February 3, 1994 order denying her petition for an order to show cause why the defendants should not be held in contempt for failure to comply with the permanent injunction issued October 20, 1983, in Doe v. Gallinot, No. CV 76-0107-RMT (C.D.Cal.1983) ("Gallinot injunction"). Laufman also appeals the district court's March 8, 1994 order denying her timely motion to vacate the district court's order of February 3rd. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's denial of Laufman's contempt petition for abuse of discretion. See Balla v. Idaho State Bd. of Corrections, 869 F.2d 461, 464 (9th Cir.1989). We also review denial of Laufman's motion to vacate the judgment for abuse of discretion. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir.1991). We affirm.
 
 
 3
 Laufman contends that the district court erred by (1) ruling that she had the burden of proof to show that the Gallinot injunction was violated, (2) ruling that she had failed to show defendants violated the Gallinot injunction, and (3) not sanctioning a defendant for failing to comply with a court order. We address these contentions in turn.
 
 A. Burden of Proof
 
 4
 A moving party's allegation of contempt must be supported by clear and convincing evidence that the nonmoving party has failed to comply with a court order. Balla, 869 F.2d at 466. Accordingly, the district court did not err by placing the burden of proof on Laufman to show by clear and convincing evidence that defendants violated the permanent injunction entered in Gallinot. See id.
 
 
 5
 B. Failure to Show Violation of Gallinot Injunction
 
 
 6
 In Gallinot, the district court declared unconstitutional certain provisions of California's civil commitment statute, the Lanterman-Petris-Short Act ("LPS"), Cal.Welf. & Inst.Code §§ 5000-5550. Doe v. Gallinot, 657 F.2d 1017, 1019 (9th Cir.1981) (affirming preliminary injunction). The district court ruled that the LPS's provisions for involuntary confinement of a person deemed to be "gravely disabled" for a fourteen-day period of intensive treatment violated the due process clause of the Fourteenth Amendment. Id. To remedy the LPS's deficiencies, the district court issued injunctive relief requiring that a hearing be held to determine whether probable cause exists that a patient is gravely disabled, and thus can be confined for fourteen days of intensive treatment. Id. at 1021 & n. 5.
 
 
 7
 The Gallinot injunction also established due process safeguards related to the probable cause hearing, including (1) the pre-hearing delivery of a copy of the certification notice to the person certified, her attorney or advocate, (2) the appointment of an independent advocate or attorney to represent the patient in accordance with state law, and (3) an independent decision-maker to preside at the hearing, as well as procedures for the hearing. The Gallinot injunction requires the presiding decision-maker to give a written statement as to the evidence relied on and the reasons supporting any decision in favor of committing a patient to involuntary detention for mental health treatment.
 
 
 8
 Here, the record shows that Laufman was certified for intensive treatment and provided with a probable cause hearing in conformity with the LPS and the Gallinot permanent injunction. On March 15, 1990, Laufman was brought to the emergency room of the University of California, Davis Medical Center. On March 16, when Laufman was officially admitted at Davis Medical Center, Candace Furlong, a psychiatric nurse, informed Laufman that she was being put on a 72-hour hold for evaluation and treatment because she was gravely disabled in that she had not been drinking or eating adequately and was not providing for her own physical care. As a gravely disabled person, she could be certified for fourteen days of intensive treatment under the LPS and the Gallinot injunction. Cal.Welf. & Inst.Code § 5250(a);[1] see Gallinot, 657 F.2d at 1024. On March 18, 1990, prior to the expiration of the 72-hour hold, Laufman was certified by two doctors for intensive treatment for an additional 14 days.
 
 
 9
 In their opposition to Laufman's contempt petition, the defendants submitted the affidavit of Susan Tidwell, a California state court employee, who stated that she delivered to Laufman a copy of the notice of certification, dated March 19, 1990. Tidwell notified Laufman of the certification review hearing, scheduled for March 20, and informed Laufman of her rights. Tidwell stated that she asked Laufman if she wished to designate anyone to be notified, but Laufman did not respond. Although Laufman contends in her opening brief that she did not receive the required notice of certification, in her declaration submitted in support of her contempt motion, she stated only that she did not "recall receiving or being served with any legal papers." Thus, her declaration failed to raise a genuine issue of material fact regarding delivery of the notice of certification.
 
 
 10
 Although Laufman did not attend her certification review hearing, she was represented at the hearing by an advocate whose independence was not questioned by any evidence Laufman submitted to the district court. The hearing officer, Martha Schwartzmann, an employee of the Superior Court, was an independent decision-maker. On the Certification Review Hearing Decision form, Schwartzmann noted that the evidence relied upon consisted of the facts on the Notice for Certification and Laufman's psychiatric records, including physician and nursing staff progress reports. Schwartzmann also recorded her reasons for Laufman's involuntary detention by noting that probable cause existed for the patient's certification as being a danger to herself, and/or having a grave disability.
 
 
 11
 The only possible objection Laufman could make to the hearing was the she was not physically present. While her absence may be problematic[2], the hearing still substantially complied with the injunction. The injunction does not explicitly require that the patient be present. Laufman was represented by an advocate whose competence and independence has not been challenged. Furthermore, as noted above, all required procedures were properly followed. Thus, the district court did not abuse its discretion by finding that Laufman failed to show by clear and convincing evidence that the defendants violated the Gallinot injunction.[3] See Balla, 869 F.2d at 464, 466.
 
 C. Sanctions
 
 12
 Laufman also contends that the district court erred by not sanctioning the County of Sacramento for its failure to comply with the district court's February 15, 1994 order requiring the county to file a response or statement of non-opposition to Laufman's motion to vacate judgment. We review a district court's decision to not sanction a party for an abuse of discretion. See Trulis v. Barton, 67 F.3d 779, 789 (9th Cir.1995). Here, we find no reason to question the district court's exercise of its discretion in deciding not to impose sanctions against the County of Sacramento.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Laufman's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Subsequent to Laufman's certification, section 5250 was amended to exclude from consideration for the fourteen-day period of involuntary confinement a person who could "survive safely without involuntary detention with the help of responsible family, friends, or others who are both willing and able to help provide for the person's basic personal needs for food, clothing, or shelter." Cal.Welf. & Inst.Code § 5250(d)(1) (amended by Stats.1989, c. 999, § 1). Because this statutory provision was not in effect at the time of Laufman's certification, her contention that she was not gravely disabled within the meaning of the LPS due to her friend and future husband's ability to care for her lacks merit
 
 
 [2]
 See Cal.Welf. & Inst.Code § 5256.3 (person certified shall be present at hearing unless he or she waives that right) (added by Stats.1982, after Gallinot.)
 
 
 [3]
 The Gallinot injunction does not address those measures required for retention of a patient beyond the initial fourteen-day period for which a patient is certified for intensive treatment. See Gallinot injunction. Therefore, we will not address Laufman's contentions relating to the establishment of a conservatorship, pursuant to Cal.Welf. & Inst.Code § 5350 et seq., and her treatment thereafter. In addition, because defendants River Park Care Center and Sutter Oaks Alzheimer Center had no involvement with Laufman's treatment prior to the establishment of the conservatorship, they could not properly be parties to contempt proceedings regarding the Gallinot injunction. Finally, the Eleventh Amendment bars Laufman's suit as to defendant State of California, see Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100-101 (1984), and as to defendant Board of Regents of the University of California. See Jackson v. Hayakawa, 682 F.2d 1344, 1350 (9th Cir.1982)