**Delbert M. GREENE, Plaintiff,**

v.

**Jerry KELLER, Henry Hoogland, L. Lannon, Bill Young, Capt. Maryilyn Rogan Defendants.**

**No. CV–S–03–0035–RCJ–RJJ.**

United States District Court, D. Nevada.

Aug. 23, 2004.

Delbert M. Greene, pro se, for Plaintiff or Petitioner.

Michael L. Foley, Deputy District Attorney, Clark County District Attorney's Office, Civil Division, Las Vegas, NV, for Defendant or Respondent.

**660**

### ORDER

JOHNSTON, United States Magistrate Judge.

This matter came before the court on Defendant Jerry Keller's Motion to Quash Service of Process (# 43). The Court reviewed the Motion (# 43), the Plaintiff's Opposition (# 44) and all attached exhibits.

### BACKGROUND

On January 9, 2003, the Plaintiff filed a complaint alleging the Defendants subjected him to inadequate housing for the pre-trial detainees at the Clark County Detention Center in violation of 42 U.S.C. § 1983. Compl. (# 3). The complaint was filed by the clerk on January 28, 2003. Order (# 2). After receiving instructions from the Court, Greene filed an amended complaint on February 25, 2003. Amend. Compl. (# 4). The Court ordered the Defendants, including Jerry Keller, the former Clark County Sheriff be served with the amended complaint. Order (# 5). Initially, the United States Marshall was unable to serve Keller and the Clark County Sheriff's office refused to accept service on his behalf indicating that he had retired. Process Receipt and Return (# 11).

On March 8, 2004, the Plaintiff filed a third amended complaint. As of the filing of the third amended complaint, Keller had still not been served. On March 22, 2004, in authorizing the filing of the complaint, the Court again ordered Keller be served. On April 2, 2004, the United States Marshal returned a process receipt and return that stated service for Keller had been completed by leaving a copy with "Maria" who was listed as a secretary. Process Receipt and Return (# 41). The address identified by the Plaintiff on the Process Receipt for Keller was the same as that listed for all of the other defendants.[1]

Keller filed his answer on April 16, 2004. Ans. (# 42). In his answer, Keller contests the subject matter jurisdiction of the court because he claims the complaint does not state a claim cognizable under any federal

law. Id. at 1. In the answer, Keller also alleges four affirmative defenses: (1) the statute of limitations, (2) the fact that the complaint fails to state a claim, and (3) common law, statutory, and qualified immunity. Id. at 2. On May 13, 2004, Keller filed this motion to quash alleging that he has not been properly served. Mtn. (# 43).

### DISCUSSION

Rule 12(b) states in relevant part that "[e]very defense, in law or fact, to a claim for relief in any pleading ... shall be asserted in the responsive pleading thereto if one is required except the following defenses may at the option of the pleader be made by motion ... (5) insufficiency of service of process.... A motion making any of these defenses shall be made before pleading if a further pleading is permitted...." Fed.R.Civ.P. 12(b). "A defense of ... insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in the responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course." Fed.R.Civ.P. 12(h)(1). The plain language of these rules require a defendant to raise insufficiency of service of process either in his answer or by motion prior to it. If the defendant fails to do so, he may still preserve the defense by amending his answer within twenty days of when it was served. Fed.R.Civ.P. 15. If the Defendant fails to take that remedial step, the defense is waived. Fed.R.Civ.P. 12(h)(1). See also 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1347 (2d ed.1990).

Keller has waived the defense of insufficiency of service of process. Although Keller's motion claims he is making a limited appearance, his answer served as a voluntary, general appearance. Cf. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (holding that a responsive pleading was a general appearance). More importantly, however, the Federal Rules no longer re-

---

**1.** The Plaintiff indicated that he is unaware of the personal address of any of the Defendants and has confined his correspondence including his service of process to the Clark County Detention Center and its published address.

quire a limited appearance for the purposes of contesting jurisdiction or improper service of process. *Wright v. Yackley,* 459 F.2d 287, 291 n. 9 (9th Cir.1972). *See also* 5A Wright, *supra,* § 1344. Keller did not file this motion prior to his responsive pleading as required by Rule 12(b). He also did not preserve or allege insufficiency of service of process as a defense in his answer as allowed by Rule 12(h)(1). Finally, Keller did not amend his answer within twenty days from the date it was served to allege that defense as permitted under Rule 15. Because he has failed to comply with any of the provisions of Rule 12. Keller has waived his defense of insufficiency of service of process. Therefore, his *motion to quash service of process* must be denied.

## ORDER

Based on the foregoing and good cause appearing therefore,

IT IS HEREBY ORDERED that the Motion to Quash Service of Process (# 43) is DENIED.