NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN HONG,<br><br>    Plaintiff - Appellant,<br><br> v.<br><br>STANLEY GRANT, Chairperson of the Department of Chemical Engineering and Materials Science; NICOLAOS ALEXOPOULOS, Dean of the Henry Samueli School of Engineering; HERBERT P. KILLACKEY, Vice Provost for Academic Personnel; MICHAEL R. GOTTFREDSON, Provost and Executive Vice Chancellor of the University of California, Irvine; THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; JOHN HEMMINGER, Chair of Academic Senate Council on Academic Personnel; WILLIAM SCHMITENDORF, Associate Dean of the Henry Samueli School of Engineering,<br><br>    Defendants - Appellees. | No. 07-56705<br><br>D.C. No. CV-06-00134-CJC<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Cormac J. Carney, District Judge, Presiding

Argued and Submitted September 2, 2010
Pasadena, California

Before: O'SCANNLAIN, GOULD and IKUTA, Circuit Judges.

Juan Hong, a former member of the faculty at the University of California, Irvine ("UCI"), appeals from the district court's grant of summary judgment in favor of six university officers and the governing Board of Regents of UCI. As the facts are known to the parties, we repeat them here only as necessary to explain our decision.

I

Under the Eleventh Amendment, the State of California and its official arms are immune from suit under 42 U.S.C.§ 1983 in federal court. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990). UCI and its Board of Regents have long been understood to be instrumentalities of the State of California for Eleventh Amendment purposes, *Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th Cir. 1982), and in his official capacity, University Provost and Executive Vice Chancellor Michael Gottfredson acts as an instrumentality of the state as well, *see Mitchell v. L.A. Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988). Thus, the Board of

Regents and Vice Chancellor Gottfredson are both immune under the Eleventh Amendment from Hong's § 1983 action.[1]

All of the university officers that Hong has sued in their individual capacities are entitled to qualified immunity. Hong has sued these officials for their exercise of a purely discretionary function: voting on whether to award Hong a merit salary increase. *See Cohen v. San Bernardino Valley Coll.*, 92 F.3d 968, 973 (9th Cir. 1996) (concluding that discretionary functions, for purposes of qualified immunity, include "demoting, evaluating and disciplining" a college professor). It is far from clearly established today, much less in 2004 when the university officers voted on Hong's merits increase, that university professors have a First Amendment right to comment on faculty administrative matters without retaliation. *See Garcetti v. Ceballos*, 547 U.S. 410, 425 (2006). Accordingly, all of the named defendants are immune from Hong's suit.

## II

Having concluded that each of the defendants is entitled to immunity from Hong's claims, we need not proceed to the merits of his First Amendment

---

[1] The Board of Regents and Vice Chancellor Gottfredson are immune from both Hong's request for damages and his request for injunctive relief, because all relief Hong asks for is *retrospective. See Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002).

argument. *See Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009); *see also id.* at 821 (stating that it is preferable for courts "not to pass on questions of constitutionality . . . unless such adjudication is unavoidable." (internal quotation marks omitted)). We leave the question of whether faculty speech such as Hong's is protected under the First Amendment for consideration in another case. *See id.* at 820.

III

The district court's grant of summary judgment is

**AFFIRMED.**