**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KEVIN BONILLA,

               Plaintiff - Appellant,

  v.

JAMISON, individually and in official capacity as correctional sergeant; et al.,

               Defendants - Appellees.

No. 12-56790

D.C. No. 2:11-cv-07357-SJO-OP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted January 21, 2014[**]

Before:     GOODWIN, CANBY, and SILVERMAN, Circuit Judges.

    California state prisoner Kevin Bonilla appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that defendants

failed to protect him from assault by another inmate. We have jurisdiction under

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo a dismissal on the basis of Eleventh Amendment immunity. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). We review de novo a dismissal for failure to exhaust administrative remedies, and for clear error the district court's underlying factual determinations. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003). We affirm.

The district court properly dismissed Bonilla's claims against defendants in their official capacities because those claims are barred by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear . . . that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); *Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th Cir. 1982) ("Eleventh Amendment immunity extends to actions against state officers sued in their official capacities because such actions are, in essence, actions against the governmental entity[.]").

The district court properly dismissed Bonilla's claims against defendants in their individual capacities because Bonilla did not exhaust prison grievance procedures concerning those claims. *See Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006) (exhaustion is mandatory and must be done in a timely manner consistent

with prison policies); *cf. Nunez v. Duncan*, 591 F.3d 1217, 1224-26 (9th Cir. 2010) (excusing prisoner's failure to exhaust where prisoner is prevented from doing so).

**AFFIRMED.**