**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| TYRONE ROGERS,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>G. J. GIURBINO; et al.,<br><br>　　　　　Defendants-Appellees. | No.　17-55693<br><br>D.C. No.<br>3:11-cv-00560-WQH-RBB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted July 18, 2018[**]

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

California state prisoner Tyrone Rogers appeals pro se the district court's

judgment dismissing Rogers's action alleging that defendants implemented prison

lockdowns violating his constitutional rights under 42 U.S.C. § 1983 and the

Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C.

---

　[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　[**]　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§§ 2000cc, *et seq.* ("RLUIPA"). We have jurisdiction under 28 U.S.C. § 1291.

We review de novo. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). We

affirm.

The district court properly dismissed Rogers's individual-capacity claims

against Giurbino, the director of the Division of Adult Operations for the

California Department of Corrections and Rehabilitation, because Rogers failed to

allege Giurbino's personal involvement in any constitutional violation or a causal

connection between his conduct and any such violation. *See Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (a plaintiff must allege facts that "allow[] the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged");

*Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) ("A defendant may be held

liable as a supervisor under § 1983 if there exists either (1) his or her personal

involvement in the constitutional deprivation, or (2) a sufficient causal connection

between the supervisor's wrongful conduct and the constitutional violation."

(citation and internal quotation marks omitted)).

The district court properly dismissed Rogers's official-capacity claims

seeking money damages because those claims are barred by the Eleventh

Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100

(1984) ("It is clear . . . that in the absence of consent a suit in which the State or

2

one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); *Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th Cir. 1982) ("Eleventh Amendment immunity extends to actions against state officers sued in their official capacities because such actions are, in essence, actions against the governmental entity[.]").

To the extent that Rogers sought to bring individual-capacity RLUIPA claims seeking money damages, the district court properly dismissed the claims because such claims are not available under RLUIPA. *See Wood v. Yordy*, 753 F.3d 899, 901 (9th Cir. 2014) (holding that a plaintiff may not seek damages under RLUIPA against prison officials in their individual capacities).

The district court properly dismissed Rogers's RLUIPA claims seeking injunctive relief because Rogers failed to allege facts showing that those claims were not moot. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 538 U.S. 167, 170 (2000) ("A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to occur.").

The district court properly dismissed the remaining individual-capacity First Amendment claims because Kuzil-Ruan and Uribe are entitled to qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (government

3

officials are entitled to qualified immunity where there is no violation of plaintiff's constitutional right or the right at issue was not "clearly established" at the time of the alleged violation); *Norwood v. Vance*, 591 F.3d 1062, 1068 (9th Cir. 2010) ("The relevant, dispositive inquiry . . . is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." (emphasis, citation, and internal quotation marks omitted)).

The district court did not abuse its discretion in dismissing without leave to amend because Rogers did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

**AFFIRMED.**