**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JAN 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTHUR LEE GIBSON, Jr., | No. 18-16718 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-01705-EMC |
| v. | |
| VANJANI, M.D.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted January 8, 2020[**]

Before:     CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

California state prisoner Arthur Lee Gibson, Jr. appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Gibson's claim against defendants in their individual capacities because Gibson failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to Gibson's Hepatitis C disease. *See id.* at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; "to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment was medically unacceptable under the circumstances, and was chosen in conscious disregard of an excessive risk to [the prisoner's] health" (citation and internal quotation marks omitted)).

Because the record reflects that Gibson has received the requested Hepatitis C treatment and his only remaining claim against defendants is for damages, the district court properly concluded that Gibson's claim against defendants in their official capacities is barred by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); *Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th Cir. 1982) ("Eleventh Amendment immunity extends to actions against state officers sued in their official capacities because such actions

are, in essence, actions against the governmental entity[.]").

The district court did not abuse its discretion by excluding the World Journal of Gastroenterology medical journal article because Gibson failed to demonstrate that the evidentiary ruling was prejudicial. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (setting forth standard of review and explaining that the district court's evidentiary ruling must be affirmed unless the ruling was "manifestly erroneous and prejudicial" (emphasis omitted)).

Gibson's motion to supplement the record on appeal is denied. *See Gonzalez v. United States*, 814 F.3d 1022, 1031 (9th Cir. 2016) ("Absent extraordinary circumstances, we generally do not permit parties to supplement the record on appeal.").

Defendants' request to strike the documents Gibson submitted with his motion to supplement the record on appeal, set forth in the answering brief, is denied as unnecessary.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

18-16718