**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 21 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD LEE ABRAMS I, | No.   19-55297 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-06687-PSG-KS |
| v. | |
| GAVIN NEWSOM, in his official capacity as Governor or the State of California, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted April 7, 2020**

Before:     TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Attorney Richard Lee Abrams I appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional claims.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal on

the basis of Eleventh Amendment immunity.  *Micomonaco v. Washington*, 45 F.3d

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

316, 319 (9th Cir. 1995).  We affirm.

The district court properly dismissed Abrams's action as barred by Eleventh Amendment immunity.  *See Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th Cir. 1982) ("Eleventh Amendment immunity extends to actions against state officers sued in their official capacities because such actions are, in essence, actions against the governmental entity."); *see also Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 847 (9th Cir. 2002) (prospective declaratory and injunctive relief claims lacking "requisite enforcement connection" to state officers barred by Eleventh Amendment).

The district court did not abuse its discretion by dismissing Abrams's first amended complaint without leave to amend because amendment would be futile. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (setting forth standard of review and explaining that district court may deny leave to amend if amendment would be futile).

Abrams's motion for judicial notice (Docket Entry No. 8) is denied.

**AFFIRMED.**