**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 3 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELLAWENDY ABDEL FATAH, | No. 19-17395 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-05475-WHA |
| v. | |
| STEVE BERNAL; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted October 26, 2020[**]

Before:      McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Ellawendy Abdel Fatah appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging that defendants interfered with the

practice of his religion while he was incarcerated at Monterey County Jail.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Watison v. Carter*,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm in part, vacate in part, and remand.

Because Fatah requested damages in addition to injunctive relief, the district court should not have dismissed his entire action as moot. However, dismissal of Fatah's action was nevertheless proper as barred by the Eleventh Amendment. *See Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007) (state officials sued in their official capacities for damages are entitled to Eleventh Amendment immunity); *Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th Cir. 1982) ("Eleventh Amendment immunity extends to actions against state officers sued in their official capacities because such actions are, in essence, actions against the governmental entity[.]").

Because the district court dismissed the entire action as moot, it did not consider whether Fatah was entitled to leave to amend. While we conclude that amendment would be futile as to Fatah's requests for injunctive relief and his requests for damages against defendants in their official capacities, it is not entirely clear that amendment would be futile as to claims for damages against defendants in their individual or personal capacities. *See Cato v. United State*s, 70 F.3d 1103,

1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). We therefore vacate the judgment and remand to the district court to provide Fatah with leave to amend and instructions on amendment, but only as to claims against defendants in their individual or personal capacities.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED in part, VACATED in part, and REMANDED.**