NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 8 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARL GORDON, | No.   22-55640 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-07270-FMO-MAR |
| v. | |
| GAVIN NEWSOM, in his official capacity as the Governor of the State of California; ROB BONTA, in his official capacity as Attorney General of the State of California; SHIRLEY WEBER, in her official capacity as Secretary of State of the State of California; STEVEN J. REYES, in his official capacity as Chief Counsel Office of the Secretary of State of the State of California; DOES, 1 through 100, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted March 8, 2024[**]

Before:  O'SCANNLAIN, KLEINFELD, and SILVERMAN, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Carl Gordon appeals pro se the district court's judgment dismissing without leave to amend his action under 42 U.S.C. § 1983 alleging that California's September 14, 2021, gubernatorial recall election violated his First and Fourteenth Amendment rights and California law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Porter v. Jones*, 319 F.3d 483, 489 (9th Cir. 2003). We affirm.

The district court properly dismissed Gordon's claims for injunctive and declaratory relief because they are moot and do not fall within the exception to the mootness doctrine for claims that are capable of repetition, yet evading review. *See id.* at 489-90 ("A case becomes moot 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'"; the exception for claims that are capable of repetition, yet evading review may apply "where: (1) the challenged action was too short in duration to be fully litigated prior to its cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again" (citation omitted)).

The district court properly dismissed Gordon's claims for damages because they are barred by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear . . . that in the absence of consent a suit in which the State or one of its agencies or departments is named as the

defendant is proscribed by the Eleventh Amendment."); *Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th Cir. 1982) ("Eleventh Amendment immunity extends to actions against state officers sued in their official capacities because such actions are, in essence, actions against the governmental entity[.]").

The district court did not abuse its discretion in dismissing the complaint without leave to amend because amendment would have been futile. *See Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 573-74 (9th Cir. 2020) (setting forth standard of review and factors that a court should consider in determining whether to grant leave to amend, including futility of amendment).

The record does not support Gordon's contentions of judicial misconduct or bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion").

We decline to consider matters not distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Gordon's petition for initial hearing en banc (Dkt. Entry No. 5) is DENIED.

**AFFIRMED.**