**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AARON JACOB MINDIOLA,<br><br>       Plaintiff - Appellant,<br><br>  v.<br><br>STATE OF ARIZONA, Kris Mayes,<br>Arizona State Attorney General; COUNTY<br>OF MARICOPA, Jennifer Pokorski (C/O<br>County Attorney Rachel Mitchell), County<br>Manager for Maricopa County; BERGIN,<br>Retired Honorable Judge, (C/O Jeff Fine AZ<br>Clerk); ARIZONA DEPARTMENT OF<br>CHILD SAFETY, Angie Rodgers (C/O Jeff<br>Fine AZ Clerk), Director of Arizona<br>Department of Economic Security,<br><br>       Defendants - Appellees. | No. 24-1842<br><br>D.C. No.<br>3:23-cv-01008-SB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Submitted July 15, 2025[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:    SILVERMAN, TALLMAN, and BUMATAY, Circuit Judges.

Aaron Jacob Mindiola appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action arising from alleged errors in Mindiola's state-court divorce proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(b). *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). We affirm.

The district court properly dismissed with prejudice Mindiola's damages claims against the State of Arizona, the Arizona Department of Economic Security – Division of Child Support Services, and Mayes and Rodgers in their official capacities as barred by Eleventh Amendment immunity. *See Jensen v. Brown*, 131 F.4th 677, 696 (9th Cir. 2025) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." (citation omitted)); *Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th Cir. 1982) (explaining that "Eleventh Amendment immunity extends to actions against state officers sued in their official capacities," unless the plaintiff seeks "only a declaratory judgment or injunctive relief").

The district court properly dismissed with prejudice Mindiola's claims against Judge Bergin arising from her decisions regarding discovery, custody, spousal support, and child support as barred by judicial immunity. *See Lund v. Cowan*, 5 F.4th 964, 971 (9th Cir. 2021) (explaining that judges are immune from

suit for damages for their judicial acts and setting forth factors to determine whether an act is judicial).

The district court properly dismissed without prejudice Mindiola's claims against Maricopa County and Pokorski and any remaining claims against Mayes and Rodgers because Mindiola failed to allege facts sufficient to show personal jurisdiction over these defendants. *See Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (describing the "three-part test to assess whether a defendant has sufficient contacts with the forum state to be subject to specific personal jurisdiction").

The district court properly declined to address Mindiola's purported claims under the Americans with Disabilities Act ("ADA") because his complaint does not contain any allegations regarding the ADA. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").

The district court did not abuse its discretion in denying leave to amend because amendment would be futile. *See Walker v. Beard*, 789 F.3d 1125, 1139 (9th Cir. 2015) (denial of leave to amend is not an abuse of discretion where no amendment would cure the complaint's deficiencies); *see also Boquist v. Courtney*,

32 F.4th 764, 774 (9th Cir. 2022) ("[W]here, as here, a plaintiff proceeds pro se, [the court] must construe the pleadings liberally and afford the [plaintiff] the benefit of any doubt.  A liberal construction of a pro se complaint, however, does not mean that the court will supply essential elements of a claim that are absent from the complaint." (citations and internal quotation marks omitted)).

We do not consider matters raised for the first time on appeal.  *See Scafidi v. Las Vegas Metro. Police Dep't*, 966 F.3d 960, 964 (9th Cir. 2020).

**AFFIRMED.**