NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAR 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KELLY RANDLE; FRED MITCHELL,

        Plaintiffs-Appellants,

  v.

LNV CORPORATION,

        Defendant-Appellee.

No. 15-56097

D.C. No. 5:14-cv-02280-DDP-SP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted February 14, 2017[**]

Before:     GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Kelly Randle and Fred Mitchell appeal pro se from the district court's order

denying their motion for relief from judgment under Fed. R. Civ. P. 59(e) and

60(b).  We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of

discretion.  *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1255, 1262 (9th Cir. 1993), and we affirm.

The district court properly denied plaintiffs' motion under Fed. R. Civ. P. 59(e) and 60(b) because plaintiffs failed to show grounds for relief. *See id.* at 1263 (setting forth grounds for relief under Rules 59(e) and 60(b)).  Contrary to plaintiffs' contention, LNV waived defects in service and consented to the district court's jurisdiction by removing this action to the district court. *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Jurisdiction attaches if a defendant makes a voluntary general appearance, as by filing an answer through an attorney." (citations omitted)).  Judicial estoppel did not apply because LNV's position taken earlier in litigation that service was not properly effected and its later decision to waive proper service by making a general appearance are not inconsistent. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) ("Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

15-56097

All pending motions and requests are denied.

**AFFIRMED.**